Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3785 | **DATE** | 2/20/2001 |
| **CASE TITLE** | Josephine Manuel vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 3/15/01 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Defendant's motion to strike [28] is denied. Defendant's motion for summary judgment [12] is granted in part and denied in part. A status hearing is set for 9:30 a.m. on March 15, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | FEB 23 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 35 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | 01 FEB 22 AM 7:48 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
FEB 2 3 2001

| | | |
|---|---|---|
| JOSEPHINE MANUEL, | ) | |
| Plaintiff, | ) | |
| | ) | No. 99 C 3785 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| CITY OF CHICAGO, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Josephine Manuel brought this action against her employer, the City of Chicago, alleging that the City discriminated against her on the basis of race, sex, and race and sex combined. Manuel's complaint consisted of five separate counts. Counts I-III alleged employment discrimination in violation of Title VII. Count I alleged disparate treatment employment discrimination on the basis of race in violation of Title VII. Count II was identical except that it alleged discrimination on the basis of gender. Similarly, Count III alleged discrimination on the basis of race and gender combined. Count IV alleged racial discrimination in violation of 42 U.S.C. § 1981. Finally, Count V alleged retaliation in violation of both Title VII and 42 U.S.C. § 1981. For the reasons that follow, the defendant's motion for summary judgment is granted as to Counts IV and V, and denied as to Counts I-III.

### Background

Manuel's claims arise out of the City's failure to promote her on two separate occasions. From 1985 to the present, Manuel has held various positions with the City. On or about January 1, 1997, plaintiff became a Personnel Assistant III, classified as a grade level 11, in the Department of Fleet Management. She held this position up to the time she brought this action.

Her supervisor at all relevant times was Al-John Fattore, the Deputy Commissioner of the Department of Fleet Management. Manuel complains that she was not promoted to the position of Projects Administrator, grade level 15, in either August, 1997 or January, 1998. In August, 1997, the position of Projects Administrator was given to Paul Plantz, a white male. Manuel did not have a formal application on file for that position and was not interviewed for it. In October, 1997, Manuel submitted an application for a Projects Administrator position. In December, 1997, she was interviewed for a Projects Administrator position that Fleet Management expected to open up in 1998. Manuel was not selected for the position. Instead, Fleet Management selected Martin Nellis, the only white candidate out of a total of four candidates for the position. As it turned out, the new position was not approved by the City's Budget Office, and nobody was placed in the new Projects Administrator position. Nellis, however, was appointed to a position with a grade level even higher than 15. After receiving a right to sue letter from the EEOC, Manuel initiated this lawsuit. The City has moved for summary judgment, pursuant to Federal Rule 56(c), and to strike portions of Manuel's Local Rule 56.1 submissions pursuant to Rule 56(e).

## Analysis

### I. Motion to Strike

The City's motion to strike is aimed at portions of Manuel's Local Rule 56.1 response to the defendant's statement of facts, as well as portions of Manuel's statement of additional facts. The City argues that many of Manuel's responses and additional facts are based on hearsay, lack foundation, or are irrelevant. The court agrees with the City as to some of the disputed statements, but will address only those responses and statements of fact that are necessary to the

disposition of this motion. To the extent that the City's motion attacks portions of the plaintiff's submissions not discussed below, it is denied as moot.

The only portion of the City's motion to strike that is critical to resolving the motion for summary judgment concerns one piece of evidence – Manuel's sworn affidavit. Paragraph 2 of Manuel's affidavit reads, in its entirety:

> The promotion in 1996 was due to conversations I had with Al-John Fattore, Deputy Commissioner. I had held the position of Clerk IV, a Grade 10 position, even though I worked on special projects such as the Kronos project; the summer intern project for 3 years; and a project to "re-badge" employees. I wanted a grade 15 position or higher which is normally the position held by someone handling special projects. The positions at this grade included administrative services officer II and projects administrator and coordinator of special projects. I expressed interest in either [sic] of those Grade 15 positions. Fattore promised that he would place me in one of those positions. He advised me that an audit had to be performed first. I later found out that Fattore only asked for me to be audited to solely [sic] for the purpose of being given an increase of one grade to a Grade 11. Later, in 1998 he once yelled at me and said: "You know when you asked me if I could just give you the Grade 15 position you were right, I could have just given you the position but I didn't and I wont [sic] if you don't get your act together in two weeks."

(Manuel Aff. at 1-2). Manuel repeatedly relies on this paragraph to support her responses to the City's statement of facts and to support her own statements of additional fact. (*See, e.g.*, Pl.'s Resp. to Def.'s Facts at ¶¶ 6-7, 9-10; Pl.'s Add'l Facts at 32, 34-36). The defendant has moved to strike those responses and statements as inadmissible hearsay and because they are not based on personal knowledge. (*See, e.g.*, Def.'s Mtn. to Strike at ¶¶ 1, 7).[1]

---

[1] Manuel also relied on this paragraph of her affidavit for paragraph 33 of her statement of additional facts, which described the three different grade level 15 positions that she had expressed interest in as "basically the same." (Pl.'s Add'l Facts ¶ 33). The City moves to strike this statement, arguing that Manuel did not have personal knowledge of this fact. (Def.'s Mtn. to

Although Manuel's testimony relates an out-of-court statement and offers it for its truth, the testimony is nonetheless admissible as a party admission by an agent under Federal Rule of Evidence 801(d)(2)(D). The City maintains that the statements are not covered by 801(d)(2)(D) because they were made by Fattore outside the scope of his employment. The City argues that Fattore was not authorized to speak on behalf of the City or to make a promise to Manuel that she would be promoted. (Def.'s Reply at 3). The court finds sufficient evidence to conclude that Fattore was actually, or at least apparently, authorized to speak for the City with regard to Manuel's eligibility and prospects for promotions. *See generally Murdaugh v. University of Chicago*, No. 90 C 2963, 1992 WL 110400, at *6 (N.D. Ill. May 8, 1992) (where declarant was a supervisor, but not plaintiff's direct supervisor, and was consulted on the decision to terminate plaintiff, his statements regarding the decision were within his actual or apparent authority; thus, his wife's testimony as to what she overheard in those conversations was admissible as non-hearsay). When Manuel had questions regarding her advancement, she inquired of Fattore, a natural tendency, given that Fattore was her supervisor. (Manuel Aff. at 2). It is reasonable to infer from the record that Fattore, as her immediate supervisor, at least had input into decisions that affected her advancement. (*See, e.g.*, Fattore Dep. at 37-38). Although he may have exceeded his actual authority if he indeed promised Manuel a promotion to a grade 15 position, he was still acting with apparent authority.

The City maintains that even if paragraph 2 of Manuel's affidavit is not hearsay, it is inadmissible for lack of proper foundation. The court agrees that certain conclusions in Manuel's

---

Strike at ¶ 6). The court finds that this statement of fact is irrelevant to the motion for summary judgment, and therefore declines to address whether or not Manuel had personal knowledge of the similarity of the different grade 15 positions.

4

affidavit and Local Rule 56.1 submissions are not based on Manuel's personal knowledge. For instance, in Manuel's affidavit, she claims that she found out that Fattore had an audit done only for the purpose of a one grade increase. (Manuel Aff. at 2). There is no indication of how Manuel found out, from whom, and how that person knew. In addition, Manuel's response to the City's Statement of Facts paragraphs 6-7 and 9-10, claim that Fattore "had the audit done based on his telling Plaintiff this was the only way she could get a promotion which he later admitted was a lie." (Pl.'s Resp. to Def.'s Facts at ¶¶ 6-7, 9-10). The grammatical construction of this sentence leaves the reader rather confused. Obviously it is not based on personal knowledge to the extent it purports to state Fattore's motives. But to the extent it refers to what Fattore told Manuel, which appears to be what it is attempting to communicate, the statement has a proper foundation. Manuel certainly may have personal knowledge of what she said to Fattore and what Fattore said to her. *See Guzman v. Abbott Laboratories*, 59 F. Supp. 2d 747, 757 (N.D. Ill. 1999). Thus, there is a proper foundation for the majority of paragraph 2 of Manuel's affidavit, which simply relates conversations between Fattore and Manuel. In deciding the motion for summary judgment, therefore, the court will consider paragraph 2 only to the extent it relates facts within Manuel's personal knowledge, including any conversations she may have had with Fattore.

## II. Motion for Summary Judgment

### *Section 1981 Claims*

Manuel concedes in her response brief that the City is entitled to summary judgment on her claims under 42 U.S.C. § 1981 because there is no evidence of a municipal policy. Thus, the only remaining claims under consideration are Counts I-III, and Count V, the retaliation claim, to

5

the extent that it is based on Title VII.

## *Counts I-III: Disparate Treatment Under Title VII*

In Counts I-III, Manuel alleges that the City discriminated against her by denying her promotions on two occasions. In order to avoid summary judgment on a discrimination claim for failure to promote under Title VII, a plaintiff may proceed using either a direct method of proof or the familiar *McDonnell-Douglas* burden-shifting method of proof. Manuel chooses to rely on the *McDonnell-Douglas* method. Under this approach, plaintiff can make out a prima facie case of discrimination by showing: 1) that she was a member of a protected class; 2) that she applied for and was qualified for the position at issue; 3) that she was rejected for the position despite her qualifications; and 4) that the City promoted someone outside her protected group. *Bell v. Environmental Protection Agency*, 232 F.3d 546, 549 (7th Cir. 2000); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-06 (1973). If Manuel successfully establishes a prima facie case, then the burden shifts to the City to articulate a legitimate, nondiscriminatory reason for denying her the promotions. *See Bell*, 232 F.3d at 550. If the City does so, then the burden shifts back to Manuel to show that the City's nondiscriminatory reasons are pretextual. *See id.* Plaintiff can show pretext by showing that the employer's explanation has no basis in fact, that the explanation given was not the real reason, or that the reason given was insufficient to warrant the adverse action. *See Johnson v. City of Fort Wayne, Ind.*, 91 F.3d 922, 931 (7th Cir. 1996).

For the first Projects Administrator position that Manuel was denied (in August, 1997), the City argues that Manuel cannot establish the second prong of her prima facie case because she did not submit an application. For the second position (in January, 1998), the City argues

6

that Manuel fails to meet the fourth prong because the Projects Administrator position was not approved under the budget, and nobody was ever placed in that position. The City also argues that, even if Manuel has established a prima facie case, the City has proffered legitimate, nondiscriminatory reasons for denying Manuel the promotions, and Manuel has not shown that these reasons are pretextual. The court concludes that Manuel has successfully made out a prima facie case of discrimination as to the first opening, but not as to the second opening. The court further concludes that Manuel has established a genuine issue of fact as to whether the City's proffered reasons for denying her the first position are pretextual.

*Prima Facie Case*

As to the first opening, the City argues that Manuel fails to meet the second prong of *McDonnell-Douglas* because Manuel did not apply for that position. The fact that Manuel did not have an application for Projects Administrator on file before August, 1997, however, is excusable given that: 1) the position was not posted or advertised, and 2) she had already expressed an interest in the position. An employee's "failure to apply for a job 'is not an inexorable bar' to relief." *Crowley v. Canteen Corp.*, No. 85 C 7783, 1986 WL 3612, at *1 (N.D. Ill. Mar. 17, 1986) (quoting *Teamsters v. United States*, 431 U.S. 324, 364 (1977)). The failure to apply may be excused where the employee did not have a real opportunity to apply. Thus, where an employer uses a procedure in which employees do not apply for promotions but are sought out by management, the application requirement is relaxed. *Box v. A & P Tea Co.*, 772 F.2d 1372, 1377 (7th Cir. 1985); *Elguindy v. Commonwealth Edison Co.*, 903 F. Supp. 1260, 1267 (N.D. Ill. 1995). In such cases, the employee need only show that she would have applied for a position had she known of its availability. *See Box*, 772 F.2d at 1377. Although an

7

employee's vague statements that she seeks advancement are not necessarily sufficient, *see Box*, 772 F.2d at 1377, where an employee expresses interest in a particular employment position or positions, the second prong is met. *See Elguindy*, 903 F. Supp. at 1267.

The first opening for Projects Administrator was not posted, and was not required to be posted. Yet Fattore knew, or should have known, of Manuel's interest in a grade 15 position, because she had earlier requested such a promotion.[2] Manuel's sworn testimony is that she expressed interest specifically in the grade 15 positions of Administrative Officer II, Projects Administrator, and Coordinator of Special Projects. (Manuel Aff. at 2). Making reasonable inferences in favor of Manuel, the record reflects that Manuel would have applied for the position, had she known about the opening. (Manuel Aff. at 1-2).

With respect to the second Projects Administrator opening, the City contends that the fourth prong of *McDonnell-Douglas* is not met because the position was never filled. Manuel does not dispute that the second opening for Projects Administrator was never filled, but points out that Nellis, the person selected for the position, received a promotion to an even higher grade level position. In her affidavit, Manuel states that Nellis was promoted to the position of Shop Manager. (Manuel Aff. at 2). In order to meet the fourth prong, a Title VII plaintiff generally must show that employees outside of the protected class were treated more favorably.

---

[2] The City maintains that Manuel asked Fattore only to reclassify her position as a grade level 15 position - essentially changing her title, but not her duties. This is a disputed fact. Manuel's affidavit suggests that she asked for a *promotion* to a grade 15 position, specifically expressing interest in the possibility of a Projects Administrator position. (Manuel Aff. at 1). Presumably, this request meant that she sought the position even if it included different duties. (Manuel Aff. at 1-2). When reading the record in the light most favorable to Manuel, it appears that Fattore should have known of Manuel's interest in a grade 15 position, even if it meant a change in duties.

8

*Kielczynski v. Village of LaGrange, Ill.*, 122 F. Supp. 2d 932, 944 (N.D. Ill. 2000). In the specific context of promotion, this translates into the requirement that an employee from outside of the class was ultimately given the promotion, even though the plaintiff was equally qualified. *See id.* Here, however, nobody filled the position in question. Nellis was given a different position. That Nellis received the Shop Manager position, however, does not establish more favorable treatment unless Manuel can show that she, too, was qualified for the Shop Manager position. Only then would Manuel establish that Nellis was treated more favorably than she was. Manuel offers absolutely no evidence regarding the duties of a Shop Manager or the qualifications necessary for a candidate to be considered for the Shop Manager position. Absent any evidence regarding the qualifications for the position of Shop Manager, Manuel has not created a genuine issue of material fact as to whether Nellis was treated more favorably than Manuel. Thus, Manuel has not established a prima facie case of discrimination with respect to the second opening.[3]

*Pretext*

Having established a prima facie case as to the first Projects Administrator opening, the burden shifts to the defendant to state a legitimate, nondiscriminatory reason for denying Manuel that position. *Bell*, 232 F.3d at 550. The City points to its promotion procedures. In considering candidates for that opening, the City's Department of Personnel reviewed the applications for the position of Projects Administrator that were on file at the time. The applications were then

---

[3] The fact that the City *selected* Nellis over Manuel, even if the position was never actually filled, might evidence discrimination. The court, however, fails to see how the City's *preference* for a white male, even if based on discriminatory animus, constitutes an adverse employment action, an essential element of Manuel's cause of action under Title VII. *See Oest v. Illinois Dep't of Corrections*, No. 99-3883, 2001 WL 122111, at *7 (7th Cir. Feb. 14, 2001).

9

matched to the qualifications specified by Fleet Management, in order to come up with a list of qualified candidates. The only person on that list was Paul Plantz, who was eventually given the job. The City maintains that Manuel's failure to apply for the position was the legitimate, nondiscriminatory factor that precluded her from being promoted to the position in August, 1997. Because the City has articulated a legitimate, nondiscriminatory reason for the denial, the burden shifts back to Manuel. *See id.* In order to avoid summary judgment, Manuel must demonstrate evidence sufficient to raise a genuine issue of fact as to whether the stated reason is pretextual. In an attempt to show pretext, Manuel states the following: "The evidence is that Plaintiff was lied to repeatedly and misdirected. The evidence is also that Fattore had a history of mistreatment of blacks and particularly black women (Plaintiff, Barbara Sutton, Patricia Toney)." (Resp. Brief at 11). Although Manuel failed to cite to any evidence in the record or to any Local Rule 56.1 statements of fact in order to support this contention, the court, examining the record in the light most favorable to plaintiff, finds sufficient evidence to create a genuine issue of fact as to pretext.

Plaintiff's affidavit contains the following testimony: "Later, in 1998 [Fattore] once yelled at me and said: 'You know when you asked me if I could just give you the Grade 15 position you were right, I could have just given you the position but I didn't and I wont [sic] if you don't get your act together in two weeks.'" (Manuel Aff. at 2).[4] Read in the light most favorable to Manuel, this statement permits the reasonable inference that the real reason Manuel did not get the August, 1997 position was not her failure to apply for it, but rather Fattore's

---

[4] As discussed in connection with the City's motion to strike, this statement is not inadmissible hearsay because it is an admission of a party's agent made within the scope of the agent's duties. *See* Fed. R. Ev. 801(d)(2)(D).

10

hostility toward Manuel. Even though this statement does not evince a *discriminatory* animus, it is still sufficient to create an issue of fact as to pretext because it suggests that Manuel's failure to apply was not the real reason for the City's decision to deny Manuel the promotion. *See Johnson*, 91 F.3d at 931. Although the only evidence allowing Manuel to survive summary judgment is her own affidavit testimony about a conversation with Fattore, the court is not to decide swearing contests on a motion for summary judgment. *See Wohl v. Spectrum Mfg., Inc.*, 94 F.3d 353, 358 (7th Cir. 1996). Hence, the City's motion for summary judgment is denied as to Counts I-III.

### *Count V: Retaliation Under Title VII*

In Count V, Manuel alleges that the City retaliated against her in violation of Title VII. Manuel alleges that after she complained about the City's refusal to promote her to Projects Administrator, she was "denied promotion to other positions . . . and was criticized in ways she had never been criticized prior to complaining." (Complaint at 6). The only protected action revealed by the record is Manuel's filing of a discrimination claim with the EEOC in August, 1998. In her response brief, Manuel never cites to any evidence of an adverse employment action taking place after she filed her EEOC charge. Manuel simply recites general statements of law taken from summary judgment cases. (Resp. Brief at 12-13). The best that Manuel can muster is the following vague assertion: "Given the conflict in the testimony about how Plaintiff was treated by Fattore and other whites compared to non-complaining employees in this matter cannot be resolved in summary fashion where the evidence presented by the Plaintiff must be believed and all justifiable inferences to be drawn from it. [sic]" (Resp. Brief at 13). Having examined the record, the court finds no such evidence of disparate treatment occurring *after* she

filed a charge with the EEOC. The only evidence of disparate treatment concerns events occurring *before* Manuel filed her charge. This includes the evidence of allegedly baseless criticisms of Manuel's performance. (Joyce Dep. at 11-15; Exh. 9 to Pl.'s Rule 56 Statemt.). These allegations, and the resulting performance audit, all took place prior to Manuel's decision to file an EEOC charge. (Pl.'s Resp. to Def.'s Facts ¶¶ 24, 26). Because Manuel does not cite to any evidence of an earlier protected act, she fails to show that any adverse employment actions taken by the City against her were in retaliation for a protected act. *See Roger v. Yellow Freight Systems, Inc.*, 21 F.3d 146, 149 (7th Cir. 1994) (defendant entitled to summary judgment on retaliatory discharge claim where plaintiff was discharged before he engaged in the protected activity). As a result, the City is entitled to summary judgment as to Count V in its entirety.

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment is granted as to Counts IV and V, and denied as to Counts I-III.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATE: February 20, 2001

12